Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

JUAN CARLOS JAUREGUI, SBN 280492
2300 Tulare Street, Suite 215
Fresno, CA 93721
Telephone: (559) 487-5135
Facsimile: (559) 487-5053
E-Mail: juancarlos.jauregui@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>DASH DREAM PLANT, INC., and Does 1-10 Inclusive,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **Sex Discrimination (Failure to Rehire, Discharge)**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights

1

Act of 1991 to correct unlawful employment practices on the basis sex (female-pregnancy), and to provide appropriate relief to Charging Party Yanet Perez and other similarly aggrieved individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 11 to 17 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Dash Dream Plant Inc. ("Defendant" or "Dash Dream") and Does 1-10 (collectively referred to herein as "Defendants"), unlawfully discriminated against Charging Party Perez and similarly aggrieved individuals when Defendant discharged and failed to rehire them due to their pregnancy, a condition of their sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

4. The Commission is an agency of the United States of America, charged with the administration, interpretation and enforcement of Title VII and the PDA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) Title VII, 42 U.S.C. § 2000e 5(f)(1) and (3), the PDA, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

5. At all relevant times, Defendant Dash Dream has been a corporation doing business in Merced County.

6. At all relevant times, Defendant Dash Dream has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Dash Dream has continuously been an employer

engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-1(b), (g), (h).

8. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

9. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Charging Party Yanet Perez filed a charge with the Commission alleging violations of Title VII by Defendant.

11. On June 30, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII and PDA as the Charging Party and similarly situated female employees. The letter further invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices describe in the Letter of

Determination.

13. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

14. On August 12, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

16. Since in or about January 2014, Defendant has engaged in unlawful employment practices in violation of Section 703(a) and 706 of Title VII. Specifically, Defendant unlawfully discharged and failed to rehire Charging Party and similarly aggrieved individuals on the basis of their pregnancy, a condition of their sex (female).

   a. In January 2014, Charging Party informed Defendant's General Manager Boram Jung that she was pregnant. The next day Mr. Jung transferred her to a different position and told her not to lift heavy items despite that Charging Party had not requested any modifications to her job.

   b. In early 2014, Defendant held a staff meeting in which General Manager Jung told female employees not to get pregnant. At this staff meeting, Dash Dream President and part-owner Tae-bin Jung also made comments to pregnant females, including but not limited to telling employees not to get pregnant, "no more babies," and "there are too many babies coming." General Manager Jung and President Jung also made comments to pregnant employees outside of staff meetings, including, "pregnant, bye," and telling employees that if workers wanted to work, they should not get pregnant because it was too complicated and that pregnant employees were problematic employees.

   c. In February 2014, Defendant forced Charging Party to go on leave even though Charging Party wanted and was able to continue to work.

   d. After the birth of her child, Charging Party made multiple attempts to return to work for Defendant from August 2014 until December 2014.

4

        Each time, Defendant refused to allow Charging Party to return to work, telling her that there was no work available despite hiring other employees who based on information and belief were not pregnant during this same time period.

      e.  Alternatively, Defendant discharged Charging Party in December 2014.

17. Defendant also failed to rehire and discharged similarly situated female employees after they attempted to return to work after taking leave for their pregnancy.

18. Defendant hired non-pregnant individuals during the time period when Charging Party and similarly situated female employees were repeatedly attempting to return to work.

19. The effect of the practices complained of, as described above, has been to deprive Charging Party and similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their pregnancy, a condition of their sex (female).

20. The unlawful employment practices complained of in paragraphs 11 to 19 above were intentional and caused Charging Party and similarly aggrieved individuals to suffer emotional distress.

21. The unlawful employment practices complained of in paragraphs 11 to 19 above were done with malice or with reckless indifference to the federally protected rights Charging Party and similarly aggrieved individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex, female (pregnancy).

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices which discriminate on the basis of sex, female (pregnancy) and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Charging Party and similarly aggrieved individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order Defendant to make whole Charging Party and similarly aggrieved individuals by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party and similarly aggrieved individuals by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party and similarly aggrieved individuals punitive damages for its intentional, malicious and/or reckless conduct as described above, in an amount to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 20, 2016

Respectfully Submitted

P. DAVID LOPEZ,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: /s/ Anna Y. Park
ANNA Y. PARK,
Regional Attorney

SUE NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION