1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | U.S. EQUAL EMPLOYMENT            | No. 1:16-cv-01395-DAD-EPG
12 | OPPORTUNITY COMMISSION,          |
   |      Plaintiff,                  |
13 |                                  | ORDER GRANTING JOINT MOTION FOR
   |      v.                          | APPROVAL OF CONSENT DECREE
14 |                                  |
   | DASH DREAM PLANT, INC., and Does | (Doc. No. 42)
15 | 1–10, inclusive,                 |
16 |      Defendants.                 |

17

18     This matter is before the court on the parties' joint motion, filed on September 19, 2017,
19 to approve a consent decree,. (Doc. No. 42.) Having reviewed and considered the submissions of
20 the parties, the court determines this matter is suitable for resolution without oral argument. *See*
21 L.R. 230(g). For the reasons that follow, the court grants this motion and approves the consent
22 decree.
23     The EEOC alleged in its complaint that defendant had engaged in unlawful discrimination
24 against Yanet Perez. (Doc. No. 1 at ¶¶ 10, 16.) During early 2014, Ms. Perez informed
25 defendant's general manager that she was pregnant. (*Id.* at ¶ 16(a).) The next day, Ms. Perez was
26 transferred to a different position, even though she had not requested any modifications to her job.
27 (*Id.*) Subsequently, defendant held a staff meeting, at which both the general manager and
28 president of defendant told female employees not to get pregnant, that there should be "no more

babies," and that there were "too many babies coming."  (*Id.* at ¶ 16(b).)  Defendant then forced Ms. Perez to go on leave in February 2014, and refused to allow her to return to work following the birth of her child.  (*Id.* at ¶¶ 16(c), (d).)  The complaint alleged defendant had failed to rehire and discharged similarly situated female employees when they attempted to return from work after a pregnancy leave, and instead hired non-pregnant individuals.  (*Id.* at ¶¶ 17, 18.)  Plaintiff EEOC sought a permanent injunction, an order that defendant institute new policies to ensure it would not engage in further unlawful employment discrimination, and monetary relief for back pay, pecuniary and non-pecuniary losses, and punitive damages.  On April 27, 2017, the parties engaged in a settlement conference with Magistrate Judge Stanley A. Boone, following which a settlement was ultimately reached.  (Doc. No. 42-1 at ¶ 6.)  The parties now seek approval of this consent decree.

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'"  *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)).  Thus, before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable" and "conform[s] to applicable laws."  *Id.*; *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1010–14 (9th Cir. 2014).  "[T]he district court must balance several factors, including but not limited to: strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation; and reaction of the class members."  *Davis v. City & County of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989) (citing *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).  Where a government agency is involved in the negotiation of the proposed consent decree, there is a presumption in favor of the decree's enforceability, and courts should pay deference to the agency's judgment.  *See S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).

Here, the proposed consent decree provides $110,000 in monetary relief to be paid by members of defendant's management, which will be distributed to Ms. Perez and any other

claimants in a manner determined by the EEOC.  (Doc. No. 41-1 at 5–6.)  It further provides for general injunctive relief, preventing defendants and its agents from engaging in discrimination on the basis of sex in the future, as well as from retaliating against employees who oppose or report such practices.  (*Id.* at 6–7.)  The consent decree requires defendant to retain a third-party Equal Employment Opportunity Monitor to ensure defendant's compliance with the consent decree and applicable law.  (*Id.* at 7–8.)  Additionally, defendant must review and revise its written employment policies prohibiting sex discrimination in the workplace and its handling of complaints, as well as post a notice of the consent decree.  (*Id.* at 8–11.)  The consent decree also contains additional training, record keeping, and reporting requirements.  (*Id.* at 11–13.)  The consent decree will remain in effect for five years.  (*Id.* at 3.)

    Given the above, the court concludes this consent decree will provide substantial relief to the claimants and defendants' current and future employees, and was the product of a fair arms-length negotiation process.  The consent decree as proposed is fair, reasonable, and adequate, and not illegal, collusive, or against the public interest and was reached following a settlement conference presided over by a judge of this court.

    As such,

1. The parties' joint motion for approval of the consent decree (Doc. No. 42) is granted;
2. The proposed consent decree (Doc. No. 41-1) is approved;
3. The court will retain jurisdiction to enforce the consent decree in this action for its anticipated duration (*see* Doc. No. 41-1 at 3);
4. The hearing on the joint motion scheduled for October 17, 2017 at 10:00 a.m. is vacated; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 13, 2017**

UNITED STATES DISTRICT JUDGE